IN THE MATTER OF C. F. GRIFFIN.

*Contempt—Judgment—Jurisdiction.*

1. After a judgment of a subordinate Court imposing a punishment for contempt for disobedience of its order has been affirmed by the Supreme Court, it becomes final, and the Court below has no power to remit or modify it.
2. If the act which constitutes the contempt is an offence against the criminal law, it may be prosecuted as such notwithstanding the contempt has also been punished.

Motion, heard by *Merrimon, Judge,* at February Term, 1887, of the Superior Court of Wilson county.

The appellant, C. F. Griffin, was on the 31st day of July, 1886, adjudged to be in contempt for disobeying an injunction issued in the case *Green et al.* v. *Griffin et al.,* then pending in that Court, and ordered to pay a fine of two hundred

15

and fifty dollars. From this judgment he appealed to the Supreme Court, where the judgment was affirmed. See 95 N. C. Rep., 50.

Subsequently, at February Term, 1887, of Wilson Superior Court, the appellant made an application to have the fine remitted.

The Court was of opinion that it had no jurisdiction or authority to remit the fine, and therefore adjudged that judgment be entered in accordance with that of the Supreme Court. The Court was inclined and would have reduced the fine if it had conceived it had the authority to do so.

Griffin appealed from the refusal of the Court to grant his application upon the ground that it had not jurisdiction to do so.

No counsel for appellant.
*Mr. F. A. Woodard contra.*

Smith, C. J. When this cause in a different form was before us a year since, the sole point presented, was whether an interlocutory order of restraint looking to a permanent injunction as the relief sought, from which an appeal had been taken to this Court, so effectually annulled and neutralized its operation as to leave the enjoined party as free to act as if no such order had been made. The Court ruled against this contention, and sustained the action of the Judge in proceeding to punish by imposing a fine for the contempt and *affirmed the judgment.*

The present appeal raised the question of the legal power of a subsequent Court, after an affirmance of the judgment from which the first appeal was taken, to alter, modify or remove the imposed penalty.

When the matter was first presented, the nature of the proceeding—wholly punitory in its object—suggested the analogy of a criminal action, by whose rules it would be governed.

But upon consideration, it will be seen that the differences are marked and essential. In the one case, the guilt of the accused must be ascertained by a jury verdict, and the end is the suppression of crime by the infliction of the penalty incurred; in the other, the purpose is to secure obedience to a rightful judicial order, and for this purpose to coerce or to punish for a wilful disregard of the command. The one belongs to the general administration of the law, the other is an exercise of judicial authority inherent in the Court, and indispensable in the exercise of its functions. If the act which shows the contempt constitutes also a criminal offence, it may be prosecuted and punished as such, notwithstanding the contempt has also been punished.

No cases have been cited in the argument to aid in the inquiry, nor have our own researches disclosed any. We do not undertake to say how far a succeeding Judge, in conducting the cause upon a proper application, may modify the terms of the order, or whether he may not possess the power under the general jurisdiction he is exercising, but, we think, after an appeal the action becomes final and conclusive. This is in harmony with the new enactment, Acts 1887, ch. 192, which in criminal and civil actions alike, leaves in force from its rendition the judgment from which the appeal is taken, when there is found to be no error and the judgment is affirmed.

The judgment in this case is affirmed.

No error. Affirmed.