RUSSELL PAYSEUR, BY HIS GUARDIAN AD LITEM, AILEEN PAYSEUR, v. KENNETH DWIGHT RUDISILL, FRANCES WALLACE RUDISILL, BRADY JONAS HOFFMAN, III, AND B. J. HOFFMAN, JR.

No. 7227SC92

(Filed 28 June 1972)

1. Torts § 7— release — covenant not to sue — discharge of other tortfeasors

Where a release or a covenant not to sue is given to one or more persons liable in tort for the same injury, it does not discharge any other tortfeasor from liability unless its terms so provide. G.S. 1B-4.

2. Infants § 1— settlement of minor's tort claim — approval of court

The settlement of a minor's tort claim becomes effective and binding upon him only upon judicial examination and adjudication.

3. Torts § 6— minor plaintiff — release of one tortfeasor — approval of court — judgment

The execution of a release of one tortfeasor by the guardian *ad litem* of a minor injured in an automobile accident, an order entered by a superior court judge approving the release, and the payment of the agreed sum into the office of the Clerk of Superior Court, *held* not to constitute a recovery and satisfaction of judgment within the meaning of the statute providing that the satisfaction of a judgment against one tortfeasor discharges other tortfeasors from liability to the claimant for the same injury, G.S. 1B-3(e), notwithstanding

the court's order provided that plaintiff "have and recover" of the released tortfeasor, and the settlement was entered on the judgment docket and marked paid and satisfied.

Judge BROCK concurs in the result.

APPEAL by plaintiff from *Seay, Judge,* 20 September 1971 Civil Session of Superior Court held in LINCOLN County.

This is an action to recover damages for personal injuries sustained by plaintiff, a minor appearing by guardian ad litem, as a result of an accident which occurred when a vehicle in which he was a passenger and which was being operated by Hoffman collided with a vehicle being operated by Rudisill. Plaintiff alleged that his spinal cord was severed in the collision causing plaintiff to be paralyzed and that he had incurred medical expenses in excess of $14,000. Plaintiff alleged that his injuries were approximately caused by the negligence of Rudisill and Hoffman.

While the case against the said defendants was pending, plaintiff's guardian ad litem filed a petition directed to the resident judge of the twenty-seventh judicial district. The petitioner requested that she be authorized to execute a release agreement with the Hoffmans under the provisions of the Uniform Contribution among Tort-Feasors Act and asked the court to order the disbursement of the funds so received for the payment of specified expenses.

On the same day the petition was filed, the following order was entered:

"This matter coming on to be heard and being heard before his Honor John R. Friday, Resident Judge of the 27th Judicial District, on the petition of Aileen Payseur, Guardian ad Litem of Russell Payseur, and it appearing to the Court and the Court finding as a fact,

THAT Russell Payseur was injured in an automobile collision on the 19th day of September, 1969, in an accident between a vehicle being driven by Kenneth Dwight Rudisill and a vehicle being driven by Brady Jonas Hoffman, III, at the intersection of Rural Paved Road Number 1242 and Rural Paved Road Number 1243 in Lincoln County, North Carolina; and

THAT as a result of said collision Russell Payseur's spinal cord was severed at the 11th dorsal level causing the said Russell Payseur to be paralyzed and permanently crippled;

THAT there is now a lawsuit pending in the Superior Court of Lincoln County with Russell Payseur as plaintiff by his guardian ad litem Aileen Payseur and the defendants are Kenneth Dwight Rudisill, Frances Wallace Rudisill, Brady Jonas Hoffman, III, and B. J. Hoffman, Jr.

THAT the attorney for the defendants Brady Jonas Hoffman, III, and B. J. Hoffman, Jr., has offered to settle the claim of the plaintiff against his clients for the sum of Ten Thousand and no/100 Dollars ($10,000.00) under the provisions of the Uniform Contribution Among Tortfeasors Act; and

THAT the medical expenses of the plaintiff due the Charlotte Memorial Hospital in the sum of One Thousand Two Hundred Thirty-Eight and 52/100 ($1,238.52) have been paid; and

THAT the medical expenses of the plaintiff due to Drs. Roper and Price, Randolph Medical Center, Charlotte, N. C., in the sum of One Thousand, Seven Hundred Forty and no/100 Dollars ($1,740.00) have been paid; and

THAT the medical expenses of the plaintiff due to Dr. George C. Culbreth of 225 Hawthorne Lane, Charlotte, N. C., in the sum of Five Hundred and no/100 Dollars ($500.00) have been paid; and

THAT Aileen Payseur, mother of the plaintiff, since the accident in which her son was injured on the 19th day of September, 1969, has incurred loss of time from work and has sustained wage losses in the sum of $2,000.00; and that the said Aileen Payseur has been reimbursed the sum of $5,478.75 for said wage losses; and above medical expenses; and

THAT it is the opinion of the Court that it would be in the best interest of the minor plaintiff, Russell Payseur, to settle his suit against Brady Jonas Hoffman, III, and B. J. Hoffman, Jr., for the sum of Ten Thousand and no/100 Dollars ($10,000.00) ; and

THAT Thomas J. Wilson, attorney, has rendered valuable services to the plaintiff in investigating the facts surrounding the circumstances of the plaintiff's injury and subsequently filing a lawsuit in the matter,

AND, it further appearing to the court and the court finding as a fact that Brady Jonas Hoffman, III, and B. J. Hoffman, Jr., have already paid to Aileen Payseur, mother, and guardian ad litem, the sum of $5,478.52 in payment of medical expenses incurred by minor plaintiff in this action, and to reimburse said mother for loss of wages during the time he was recuperating from injuries sustained in this accident;

AND, it further appearing the defendants B. J. Hoffman, III, and B. J. Hoffman, Jr., have offered to pay to the minor plaintiff and his mother the additional sum of $4,521.48 and the costs of this action in full and complete settlement of all injuries and damages and expenses incurred by the plaintiff and his mother;

AND, that the plaintiff now eighteen years of age and his guardian ad litem his mother after consulting with their attorney have agreed to accept the proposed settlement;

AND, the court after having reviewed the medical evidence and the manner in which this alleged accident occurred and hearing the statements of the minor plaintiff, after further due investigation by the court, the proposed settlement and payment to the minor plaintiff is found by the court to be just and reasonable and to the best interest of the minor plaintiff:

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that:

1. Aileen Payseur, mother of the plaintiff and guardian ad litem is authorized and directed to execute a release on behalf of Russell Payseur, releasing Brady Jonas Hoffman, III, and B. J. Hoffman, Jr., on the payment of Ten Thousand and no/100 ($10,000.00) from any and all liability, present or future, arising out of the automobile accident which occurred on the 19th day of September, 1969, as a result of a collision between a vehicle being driven by

Payseur v. Rudisill

Brady Jonas Hoffman, III, and an automobile being operated by Kenneth Dwight Rudisill; and

2. That the plaintiff have and recover from the defendants, B. J. Hoffman, III, and B. J. Hoffman, Jr., the additional sum of $4,521.48 in full, and complete settlement of all his injuries and damages sustained in said accident or in anywise growing out of said action, and that the costs of this action to be taxed by the Clerk and paid by the said defendants; and

3. That the Clerk of the Superior Court of Lincoln County is authorized and directed to pay to Thomas J. Wilson, attorney of the Lincolnton, North Carolina Bar, the sum of $1,500.00 for professional services rendered the plaintiff in this matter."

Plaintiff's guardian ad litem then executed a release to the Hoffman defendants for the stated consideration of $10,000.00. The release, among other things, contains the following:

"It is further agreed by the undersigned Russell Payseur, and by his guardian ad litem Aileen Payseur, and Aileen Payseur, divorced, as the parent having the custody of Russell Payseur, that the right to recover damages from Kenneth Dwight Rudisill and Frances Wallace Rudisill, be, and by the terms of G.S. 1B-4 be reduced by the sum of Ten Thousand and no/100 Dollars ($10,000.00), being the amount of the damages of the undersigned which they received from Brady Jonas Hoffman, III, and Brady Jonas Hoffman, Jr.

It is further understood and agreed that this release is given and taken pursuant to the provisions of the Uniform Contribution Among Tortfeasors Act being Sections 1B-1 through 1B-6 of the Statutes of the State of North Carolina and that it is the intention of the undersigned not only to release any and all claims against Brady Jonas Hoffman, III, and Brady Jonas Hoffman, Jr., on account of the accident hereinabove described but also to relieve the said Brady Jonas Hoffman, Jr., and Brady Jonas Hoffman, III, from any liability to make contribution to Kenneth Dwight Rudisill and Frances Wallace Rudisill on account of said accident or on account of the pending litiga-

tion between the undersigned as plaintiff and Brady Jonas Hoffman, III, Brady Jonas Hoffman, Jr., Kenneth Dwight Rudisill and Frances Wallace Rudisill as defendants."

The following entries appear on page 297 of Judgment Book 1 in the office of the Clerk of Superior Court:

"JUDGMENT DOCKET

Abstract of Judgments, Liens, Lis Pendens, etc.

CASE: Russell Payseur, Plaintiff
            vs.
        Brady Jonas Hoffman, III, and B. J.
        Hoffman, Jr., Defendants

Docketed at: 11:00 A.M., January 12, 1971

ABSTRACT OF DOCUMENT:

NORTH CAROLINA
COUNTY OF LINCOLN

The liability of Brady Jonas Hoffman, III, and B. J. Hoffman, Jr., to Aileen Payseur, Guardian ad litem for Russell Payseur, for $4,521.48 Dollars plus interest at _____ on $_____ from the _____ day of _____ 19_____, and costs, was established by John R. Friday, Resident Judge by Consent of parties, dated the 12 day of January, 1971.

$4,521.48                                                      $36.00
TOTAL PRINCIPAL INTEREST FROM DATE        COSTS

NORTH CAROLINA

COUNTY OF LINCOLN

                                                              No. 297

'Paid and satisfied in full This 22nd day of January, 1971. /S/ Thomas J. Wilson, Atty.' "

The Rudisill defendants moved for summary judgment on the grounds that any claim against them was barred by G.S. 1B-3 (e). The motion was allowed and judgment was entered dismissing plaintiff's action. Plaintiff appealed.

*Thomas J. Wilson for plaintiff appellant.*

*Carpenter, Golding, Crews & Meekins by John G. Golding for defendant appellees.*

VAUGHN, Judge.

[1]  Where a release or a covenant not to sue is given to one or more persons liable in tort for the same injury it does not discharge any other tort-feasor from liability unless its terms so provide. G.S. 1B-4.

[2]  The release in the present case clearly preserved the right to proceed against other tort-feasors. Here, however, the injured party is a minor. The settlement of a minor's tort claim becomes effective and binding upon him only upon judicial examination and adjudication. *Sell v. Hotchkiss* and *Collier v. Hotchkiss* and *Hotchkiss v. Hotchkiss*, 264 N.C. 185, 141 S.E. 2d 259. It was therefore necessary for the minor's guardian ad litem to submit the proposed release agreement to the court. An agreement, not a dispute, was before Judge Friday. The court approved the release agreement and entered the order hereinbefore set out. The terms of the release have now been complied with by the parties thereto.

On motion of the remaining tort feasors, Judge Seay dismissed the minor's claim against them on the ground that the same was barred by G.S. 1B-3(e) which is as follows:

"The recovery of judgment against one tort-feasor for the injury or wrongful death does not of itself discharge the other tort-feasors from liability to the claimant. The satisfaction of the judgment discharges the other tort-feasors from liability to the claimant for the same injury or wrongful death, but does not impair any right of contribution."

[3]  We hold that the order entered by Judge Friday, the execution of the release agreement which it approved and the payment of the agreed sum into the office of the Clerk of the Superior Court did not constitute a recovery and satisfaction of judgment within the meaning of G.S. 1B-3(e).

In its consideration of the proposed release agreement the court's function was " . . . to lend its wisdom, experience, and circumspection to the infant, who legally wants these faculties and is therefore a likely victim of overreaching." 8 A.L.R. 2d 460, 462. The release agreement executed pursuant to the order is the controlling factor. *McNair v. Goodwin*, 262 N.C. 1, 136 S.E. 2d 218. In this case, the infant plaintiff, having ob-

tained the court's approval of his release agreement, is entitled to the same status as an adult executing a release under the provisions of G.S. 1B-4.

We are not unmindful of the language in Judge Friday's order that plaintiff "have and recover" of the defendants or of the entries on the Judgment Docket. It suffices to say that we hold that they shall not deprive this minor of the rights to which he would have been entitled had he been an adult and thus not required to seek the court's approval of the release agreement. To hold otherwise would hardly be consistent with the duty of the courts, as the guardians of all infants, to exercise their equitable powers to protect the personal and property rights of infants.

For the reasons stated, the judgment from which plaintiff appealed is reversed.

Reversed.

Judge HEDRICK concurs.

Judge BROCK concurs in the result.