MRS. O. A. ABBOTT, GUY AUSTIN, JOHN T. BENDER, JR., DR. WILLIAM H. BENNETT, WILLIAM BOND, DR. L. R. BOWEN, R. F. BROWNLEE, LOVIC A. BROOKS, E. F. BAILEY, ARTHUR D. CANNON, MRS. W. C. CAYE, M. R. CHAMBERS, LOUIS CLAY, JR., W. T. COLLINS, JAMES A. COLQUITT, R. W. CRENSHAW, JR., COL. JOSEPH R. CURTIS, SAM F. DAVIS, JOE L. DAVIS, WILLIAM G. FAGER, CARD G. ELLIOTT, CHESTER H. FERGUSON, EDGAR F. FINCHER, FOY B. FLEMING, RAWSON FOREMAN, ROBERT FOREMAN, JAMES G. GARNER, J. RALPH HAMILTON, A. S. HAPPOLDT, JOHN M. HARBERT, III, J. CALHOUN HARRIS, JOHN HARTLEY, L. W. HILL, DR. JOHN M. HODGES, MRS. IRENE T. JAGELS, W. H. JEWELL, MRS. LOIS A. JOHNSON, McGRATH KEEN, YEOMAN KEEN, THORNTON KENNEDY, LEON R. KLEINPETER, JR., BEN F. LACY, MARY LECHICH, W. E. LOVETT, L. REEVES LUKE, MRS. JAMES F. MACK, HARVEY MATHIS, MRS. F. J. MAXTED, C. PARKHILL MAYS, MRS. C. P. McGEHEE, EARL McMILLAN, GENERAL EDWARD P. MECHLING, SAMUEL T. MESSNER, JR., MRS. RODNEY MILLER, ROBERT C. MILTON, MRS. C. W. MIZELL, BOB MULLIS, RUDI OUDSHOFF, C. D. OXFORD, ROBERT B. PAUL, MRS. EDMONDSON PERKINS, NELL PHELPS, DAVID POPPER, RALPH POWERS, FRANK PRATHER, MRS. PAUL REITH, MRS. S. K. RUSSELL, MARY A. S. SANGER, I. M. SHEFFIELD, GEORGE SHERRILL, JR., MRS. C. E. SHEPPARD, TOM C. SMITH, IVY SMITH, THOMAS N. STILWELL, MRS. P. M. STURGES, WILLIAM H. TERRY, SR., RICHARD TIFT, MRS. G. C. TRISMEN, WILLIAM D. TYNES, III, MRS. H. J. ULRICH, OLEN VERNON, REBECCA WARREN, BRUCE WALTERS, MRS. MARTHA WEISE, JOHN WESTMORELAND, JR., WILLIAM J. WILLKOMM, JR., JOHN D. WOLFE, GEORGE W. WOODRUFF, CHARLES L. WOODSIDE, AND WILLIAM D. YOUNG v. THE TOWN OF HIGHLANDS AND HARRY R. WRIGHT, MAYOR, AND RONALD SANDERS, CHARLES ZACHARY, V. STEPHEN PIERSON, AND BOBBY TALLEY, MEMBERS OF THE GOVERNING BOARD OF THE TOWN OF HIGHLANDS, N. C., AND RUFUS EDMISTEN, ATTORNEY GENERAL OF THE STATE OF NORTH CAROLINA

No. 8230SC166

(Filed 3 May 1983)

**Municipal Corporations § 2.5; Taxation § 25— judgment upholding annexation—stay order pending appeal—affirmation by appellate court—liability for ad valorem taxes pending appeal**

Where a judgment upholding the validity of a local act annexing plaintiffs' land to a town was stayed pending appeal and a final disposition of the case, affirmation of the judgment by the appellate court dissolved the stay order and left the judgment in effect from the date of its rendition, and the town could collect ad valorem taxes from plaintiffs for the period during which the appeal was pending.

APPEAL by plaintiffs from *Thornburg, Judge.* Order entered 2 December 1981 in Superior Court, MACON County. Heard in the Court of Appeals 8 December 1982.

The plaintiffs brought this action challenging a local act (S.L. 1979, C. 756) annexing their land to the Town of Highlands. The superior court ruled against the plaintiffs on 5 June 1980 but stayed its judgment pending appeal and a final disposition of the case. This Court in *Abbott v. Town of Highlands,* 52 N.C. App. 69, 277 S.E. 2d 820, *cert. denied,* 303 N.C. 710, 283 S.E. 2d 136 (1981) affirmed the judgment of the superior court but found it was not error to stay the judgment pending appeal.

The Town sought to collect from the plaintiffs *ad valorem* property taxes for the years 1980 and 1981, the period during which the appeal had been pending. Plaintiffs then filed a motion in the cause in Macon County Superior Court asking for an interpretation of the stay order. Plaintiffs sought a determination to the effect that, prior to this Court's certification on 14 September 1981 of the final judgment, they were not liable for *ad valorem* taxes. The superior court held that plaintiffs were liable for the taxes. Plaintiffs appealed.

*Herbert L. Hyde for plaintiff appellants.*

*Womble, Carlyle, Sandridge and Rice, by E. Lawrence Davis and Anthony H. Brett, for defendant appellees.*

WEBB, Judge.

The only issue on this appeal concerns the effect of the 5 June 1980 stay order. Plaintiffs contend that the Town was without power to collect taxes on their property during the period the stay order was in effect because their land was not within the Town's corporate boundaries until certification of the judgment on 14 September 1981. We disagree. G.S. 1-296 governs the effect of a stay order pending appeal. It provides as follows:

"Judgment not vacated by stay.—The stay of proceedings provided for in this article shall not be construed to vacate the judgment appealed from, but in all cases such judgment remains in full force and effect, and its lien remains unimpaired, notwithstanding the giving of the undertaking or

making the deposit required in this chapter, until such judgment is reversed or modified by the appellate division."

The judgment in the instant case was neither reversed nor modified on appeal, there having been found no prejudicial error. Affirmation of the judgment by the appellate court dissolved the stay order and left the judgment in effect *from its rendition* on 5 June 1980. *See In Re Griffin,* 98 N.C. 225, 3 S.E. 515 (1887). Since the judgment was in force from the time it was entered, the plaintiffs were liable for taxes during that period.

Affirmed.

Judges HEDRICK and BECTON concur.