MARK D. SEVERANCE, ADMINISTRATOR OF THE ESTATE OF KYLE DAVID SEVERANCE, PLAINTIFF v. FORD MOTOR COMPANY, FORD MOTOR CREDIT COMPANY, AND DICK PARKER FORD, INC., DEFENDANTS

No. 893SC681

(Filed 1 May 1990)

### Torts § 6.1 (NCI3d) — automobile accident — negligence action — prior consent judgment — satisfaction

Summary judgment was properly entered for defendants, the car manufacturer and dealer, in a negligence action arising from the death of plaintiff administrator's son in an automobile accident where a consent judgment had been entered in a prior action brought by plaintiff as administrator against his wife, the driver of the car. The consent judgment in the prior action constituted a satisfaction of judgment under N.C.G.S. § 1B-3(e); the one exception to N.C.G.S. § 1B-3(e) does not apply because the consent judgment did not specify that it was a release, a covenant not to sue under N.C.G.S. § 1B-4, or anything other than a judgment. Furthermore, plaintiff is the administrator of the estate of the minor decedent, so that there was no minor plaintiff or injured minor as required by the exception to N.C.G.S. § 1B-3(e).

### Am Jur 2d, Judgments §§ 1088, 1094.

APPEAL by plaintiff from order entered 27 February 1989 by *Judge Herbert O. Phillips, III,* in CRAVEN County Superior Court. Heard in the Court of Appeals 9 January 1990.

Plaintiff appeals from the order of 27 February 1989 granting summary judgment to all defendants. Plaintiff's claim for relief arose from an automobile accident on 21 March 1988, in which plaintiff's wife, Denise D. Severance, lost control of the 1982 Ford Bronco which she was driving. The Bronco rolled several times into a ditch. Plaintiff's 21-month-old son, Kyle David Severance, was a passenger in the Bronco, and was properly strapped and secured in a child restraint seat safely secured in the backseat of the Bronco. As a result of the accident, a portion of the fiberglass roof of the Bronco shattered, killing Kyle David Severance.

On 26 May 1988, plaintiff, in his capacity as administrator of his son's estate, filed a cause of action for wrongful death against

**SEVERANCE v. FORD MOTOR CO.**

[98 N.C. App. 330 (1990)]

his wife, Denise Severance, alleging, *inter alia*, that her negligence was the "sole and proximate cause" of their son's death. On 9 September 1988, a consent judgment was entered ordering Mrs. Severance to pay plaintiff $25,000.00, which was satisfied by the insurer. In the consent judgment, the trial court found that Mrs. Severance denied all liability for the death of her minor son.

Plaintiff filed the present cause of action on 15 August 1988, alleging that defendants negligently designed, produced, manufactured, advertised and distributed the Bronco; that defendant Ford Motor Company (hereinafter Ford) breached its express and implied warranties of merchantability; strict liability; and seeking actual and punitive damages. Plaintiff filed amended complaints on 26 August 1988 and 13 September 1988.

Defendant Dick Parker Ford, Inc. (hereinafter Parker Ford) filed its answer, motion to dismiss and third-party complaint on 19 September 1988. Defendants Ford and Ford Motor Credit Company (hereinafter Ford Credit) filed their answer on 17 October 1988. The third-party defendants, Mark D. And Denise Severance, filed a motion to dismiss the third-party complaint on 17 October 1988.

On 15 December 1988, defendants Ford and Ford Credit filed a motion for summary judgment under Rule 56(c) of the N.C. Rules of Civil Procedure. On 27 February 1989, the trial court granted summary judgment as to all defendants on the grounds that the judgment entered in the wrongful death case (*Severance v. Severance*, No. 88 CVS 852) was fully satisfied by Denise Severance's insurance company on her behalf. The trial court also found that the family purpose doctrine barred the present action.

From this order, plaintiff appeals.

*Barker, Dunn & Mills, by Donald J. Dunn, for plaintiff-appellant.*

*Yates, Fleishman, McLamb & Weyher, by Joseph W. Yates, III, for defendant-appellees Ford Motor Company and Ford Motor Credit Company.*

*Wheatly, Wheatly, Nobles, Weeks & Wainwright, P.A., by C. R. Wheatly, Jr. and Stevenson L. Weeks, for defendant-appellee Dick Parker Ford, Inc.*

SEVERANCE v. FORD MOTOR CO.

[98 N.C. App. 330 (1990)]

ORR, Judge.

The dispositive issue on appeal is whether the trial court erred in granting summary judgment to defendants. For the reasons set forth below, we affirm the trial court's order.

Under N.C. Gen. Stat. § 1A-1, Rule 56(c), a motion for summary judgment "shall be rendered . . . if the pleadings, depositions, . . . affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." This remedy permits the trial court to decide whether a genuine issue of material fact exists; it does not allow the court to decide an issue of fact. *Sauls v. Charlotte Liberty Mut. Ins. Co.*, 62 N.C. App. 533, 535, 303 S.E.2d 358, 360 (1983) (citations omitted). In a summary judgment proceeding, the trial court must view all evidence in the light most favorable to the nonmoving party. *Walker v. Westinghouse Electric Corp.*, 77 N.C. App. 253, 258, 335 S.E.2d 79, 83 (1985), *disc. review denied*, 315 N.C. 597, 341 S.E.2d 39 (1986). Summary judgment is generally inappropriate in negligence cases, unless it appears that plaintiff cannot recover even if the facts plaintiff alleged are true. *Stoltz v. Burton*, 69 N.C. App. 231, 233, 316 S.E.2d 646, 647 (1984) (citations omitted).

In the case before us, the trial court granted summary judgment to defendants on the ground that the consent judgment in the prior civil action of *Severance v. Severance* constituted a satisfaction of judgment under N.C. Gen. Stat. § 1B-3(e) (1983). We agree.

Under § 1B-3(e):

The recovery of judgment against one tort-feasor for the injury or wrongful death does not of itself discharge the other tort-feasors from liability to the claimant. The satisfaction of the judgment discharges the other tort-feasors from liability to the claimant for the same injury or wrongful death, but does not impair any right of contribution. Provided, however, that a consent judgment in a civil action brought on behalf of a minor, or other person under disability, for the sole purpose of obtaining court approval of a settlement between the injured minor or other person under disability and one of two or more tort-feasors, shall not be deemed to be a judgment as that term is used herein, but shall be treated as a release or cove-

SEVERANCE v. FORD MOTOR CO.

[98 N.C. App. 330 (1990)]

nant not to sue as those terms are used in G.S. 1B-4 unless the judgment shall specifically provide otherwise.

This statute permits a claimant to obtain judgments against any and all joint tort-feasors for a single injury or wrongful death, but the claimant may have only one satisfaction. *Ipock v. Gilmore*, 73 N.C. App. 182, 186, 326 S.E.2d 271, 275, *disc. review denied*, 314 N.C. 116, 332 S.E.2d 481 (1985) (citation omitted).

N.C. Gen. Stat. § 1B-3(e) allows one exception to the above rule. "[A] consent judgment in a civil action brought on behalf of a minor or other [disabled person] for the sole purpose of gaining court approval of a settlement between the injured minor . . . and one of two or more tort-feasors, . . ." is not a judgment under N.C. Gen. Stat. § 1B-3(e), but is instead a release or covenant not to sue under § 1B-4, unless it otherwise specifically provides.

In the case *sub judice*, the consent judgment in the case of *Severance v. Severance* did not specify that it was a release or covenant not to sue under § 1B-4, or that it was anything other than a consent judgment "in full settlement, satisfaction, release, and discharge of all matters in this action, . . . ."

Moreover, there was no minor plaintiff or injured minor as required by the exception to § 1B-3(e). The plaintiff in the case of *Severance v. Severance* and the case *sub judice* is the *administrator* of the estate of the minor decedent. As the administrator of his son's estate, he brings the action for wrongful death on behalf of the *beneficiaries* of his son's estate, not on behalf of his deceased son.

An administrator has the right to negotiate and compromise a cause of action for wrongful death. N.C. Gen. Stat. § 28A-13-3(a)(23) (1984). *See Bowling v. Combs*, 60 N.C. App. 234, 298 S.E.2d 754, *disc. review denied*, 307 N.C. 696, 301 S.E.2d 389 (1983). As a result of a successful wrongful death action, any proceeds pass to the beneficiaries of the estate, except for funeral, burial, hospital and medical expenses. § 28A-13-3(a)(23).

Because plaintiff did not bring the previous wrongful death action of *Severance v. Severance* on behalf of an injured minor or minor plaintiff as required by § 1B-3(e), and the consent judgment did not specify that it was anything other than a judgment, § 1B-4 does not apply to the case before us. Therefore, we hold that under § 1B-3(e), the judgment entered in the case of *Severance*

v. *Severance* has been fully satisfied by the insurance company of Denise D. Severance, discharging the defendants in the present case from liability for the same injury or wrongful death.

Because we hold that plaintiff is barred from recovery as a matter of law by § 1B-3(e), we do not reach the remaining issues on appeal.

Affirmed.

Judges PHILLIPS and EAGLES concur.