MARK D. SEVERANCE, ADMINISTRATOR OF THE ESTATE OF KYLE DAVID SEVERANCE, PLAINTIFF-APPELLANT v. FORD MOTOR COMPANY, FORD MOTOR CREDIT COMPANY, AND DICK PARKER FORD, INC., DEFENDANT-APPELLEES

No. 913SC199

(Filed 7 January 1992)

1. Appeal and Error § 556 (NCI4th)— judgment upheld on appeal—no authority of trial court to grant relief from judgment

A trial court may not grant relief from its judgment which has been upheld on appeal.

Am Jur 2d, Appeal and Error § 353.

SEVERANCE v. FORD MOTOR CO.

[105 N.C. App. 98 (1992)]

**2. Rules of Civil Procedure § 60 (NCI3d) — relief from judgment — satisfaction of judgment not cancelled**

Relief from a judgment does not cancel a satisfaction of that judgment so as to require vacation of a subsequent judgment based upon satisfaction of the prior judgment.

**Am Jur 2d, Judgments § 766.**

APPEAL by plaintiff from an order entered on 17 December 1990 by *Judge Herbert O. Phillips, III* in CRAVEN County Superior Court. Heard in the Court of Appeals on 2 December 1991.

*Barker & Dunn, by Donald J. Dunn, for plaintiff-appellant.*

*Yates, McLamb & Weyher, by Derek M. Crump and Joseph W. Yates, III, for defendant-appellees Ford Motor Company and Ford Motor Credit Company.*

*Wheatly, Wheatly, Nobles & Weeks, by Stevenson L. Weeks, for defendant-appellee Dick Parker Ford, Inc.*

LEWIS, Judge.

There are two issues in this case. First, may a trial court grant relief from its judgment which has been upheld on appeal. Second, does a relief from judgment also grant relief from a satisfaction of that judgment.

The action underlying this case is one for wrongful death. Plaintiff is the administrator of the estate of his deceased minor son. The deceased minor was killed when the Ford vehicle driven by his mother in which deceased was a passenger overturned on 21 March 1988. Plaintiff filed a wrongful death action against the driver (plaintiff's wife) on 26 May 1988 and a separate wrongful death action against Ford, Ford Motor Credit, and Dick Parker Ford on 15 August 1988. On 14 September 1988, a consent judgment (first judgment) was entered against the driver and plaintiff was paid $25,000.00 in satisfaction of this judgment by his own insurer. *Severance v. Severance*, (No. 88CVS852). Because plaintiff had satisfied the first judgment against a defendant which plaintiff alleged to be the sole cause of injury to plaintiff's intestate, this satisfaction released the other alleged tortfeasors, Ford, *et al*, from liability to plaintiff and summary judgment for the defendants was entered on 27 February 1989 (second judgment). Summary judg-

ment was upheld on appeal on 1 May 1990. *Severance v. Ford Motor Co.*, 98 N.C. App. 330, 390 S.E.2d 704 (1990).

On 19 May 1990, plaintiff moved for relief from judgment for the first judgment, which motion was granted by Judge Reid. To date, plaintiff has retained the monetary satisfaction of this judgment. Plaintiff then made a motion to amend to add this relief from the first judgment to the record on appeal and made a motion for rehearing. As plaintiff had not "challenged" the second judgment after relief from the first, this Court held that it was not the "proper court" for plaintiff's appeal and denied both motions on 18 June 1990. Subsequently, on 21 June 1990, plaintiff filed a motion for relief from the second judgment with the trial court. Relief was denied on 3 December 1990. Plaintiff appeals the denial of relief from the second judgment.

[1] Plaintiff essentially asks whether relief from judgment number one requires the vacating of a second judgment which was grounded upon the satisfaction of the first judgment for its holding. We address first the unasked but pivotal question of whether a lower court has the authority to alter a judgment once it has been affirmed. Under the circumstances posed, we answer all questions in the negative and concomitantly we affirm the trial court's denial of relief from the second judgment.

Once rendered, a judgment is not hermetically affixed to the parties. North Carolina Rule of Civil Procedure 60 (b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . ." This rule provides relief from judicial determinations. However, contrary to plaintiff's argument, it does not, by its plain language or otherwise, provide relief from a completed execution on the same, such as a satisfaction.

Once a civil case has been upheld on appeal, both the trial and the appellate courts must proceed accordingly. "[A]fter an appeal the action becomes final and conclusive," *In re Griffin*, 98 N.C. 197, 199, 3 S.E. 515 (1887), such that a subsequent lower court cannot "alter, modify or remove the imposed penalty." *Id.* at 198, 3 S.E. at 515. Our Supreme Court has stated:

> In our judicial system the Superior Court is a court subordinate to the [appellate level courts]. Upon appeal our mandate is

SEVERANCE v. FORD MOTOR CO.

[105 N.C. App. 98 (1992)]

binding upon it and must be strictly followed without variation or departure. No judgment other than that directed or permitted by the appellate court may be entered. 'Otherwise, litigation would never be ended, and the [appellate level courts] of the state would be shorn of authority over inferior tribunals.'

*D & W, Inc. v. City of Charlotte*, 268 N.C. 720, 722-23, 152 S.E.2d 199, 202 (1966) (citations omitted).

The certified appellate decision is sent to the trial court which must then "direct the execution thereof to proceed." N.C.G.S. § 1-298 (1983). There is no statutory authority to do otherwise. Though the action is remanded to the trial court for execution, this procedural step is merely for "clarity, continuity, and for the convenience of those who may examine the records thereafter—, but the efficacy of our mandate does not depend upon the entry of an order by the court below." *D & W, Inc.*, at 723-24, 152 S.E.2d 203. Any trial court action which varies, "disregard[s] the decree of this [appellate court], . . . [or] attempt[s] to postpone its enforcement [is] beyond [the trial court's] authority and [its] order to that effect is a nullity." *Id.* at 724, 152 S.E.2d 203.

In light of the above, it becomes clear that the affirming of the second judgment precluded the trial court from taking any action which would "alter, modify or remove the imposed penalty." *Griffin*. The trial court had no option but to deny plaintiff's motion for relief from judgment. We affirm.

[2] We decline to address in depth plaintiff's argument that relief from a judgment grants relief from a satisfaction and vacates a subsequent judgment which was based upon the satisfaction of the now vacated judgment. The judgment in *Severance v. Ford*, which was affirmed upon appeal, mandates the law of this case and cannot be altered or else this litigation will never end. Another panel of this Court has held that plaintiff obtained a satisfaction. The law of satisfaction is clear in North Carolina. *See*, N.C.G.S. § 1B-3(e) (1983). Though plaintiff may obtain an infinite number of judgments against joint tortfeasors for a single injury or wrongful death, he may obtain only one satisfaction. *Bowen v. Iowa Nat'l Mut. Ins. Co.*, 270 N.C. 486, 155 S.E.2d 238 (1967). Upon satisfaction of a judgment, the judicial process has run its course. In the interest of judicial economy, relief from a judgment does not cancel a satisfaction of judgment.

Affirmed.

Judges WELLS and WALKER concur.