TOMMY AKINS AND WIFE, STACY MAE AKINS, PLAINTIFFS v. MISSION ST. JOSEPH'S
HEALTH SYSTEM, INC., DEFENDANT

No. COA07-1363

(Filed 7 October 2008)

**Medical Malpractice— offer of judgment—rule of satisfaction—joint tortfeasors**

The trial court erred in a medical malpractice case arising out of the negligent interpretation of an x-ray for a wrist injury by entering judgment against defendant hospital upon the jury verdict based upon the erroneous conclusion that the satisfaction of the N.C.G.S. § 1A-1, Rule 68(a) judgment against the doctor and Asheville Radiology Associates failed to discharge defendant from liability to plaintiffs because: (1) to treat a judgment under Rule 68 as a release or covenant not to sue, rather than as a final adjudication of the court, would require a construction of the term "judgment" that is not consistent with its plain meaning and with the definition that has already been adopted by our Supreme Court; (2) our General Assembly has chosen to recognize only one exception to the long-standing rule of satisfaction codified by N.C.G.S. § 1B-3(e), and it is not applicable to this case; (3) while treating a judgment entered under Rule 68 as a "judgment" as that term is used under N.C.G.S. § 1B-3(e) may, to some extent, frustrate the legislative intent of Rule 68 by discouraging a claimant from accepting offers of judgment in cases involving joint tortfeasors, the Court of Appeals declined to judicially craft a new exception to N.C.G.S. § 1B-3(e) since it is a policy matter best addressed by the legislature; (4) plaintiffs accepted an offer of judgment against the doctor and Asheville Radiology for the same wrist injury at issue in this case, and that judgment was fully satisfied; and (5) upon the jury's verdict that the doctor was acting as an apparent agent of defendant, the doctor and defendant became joint tortfeasors for purposes of N.C.G.S. § 1B-3(e), and plaintiffs' claims against defendant were extinguished.

Appeal by plaintiffs and cross-appeal by defendant from judgments entered 28 June 2007 and 10 September 2007 by Judge Richard L. Doughton in Buncombe County Superior Court. Heard in the Court of Appeals 3 April 2008.

AKINS v. MISSION ST. JOSEPH'S HEALTH SYS., INC.

[193 N.C. App. 214 (2008)]

*Law Offices of Grover C. McCain, Jr., by Grover C. McCain, Jr., for plaintiff appellants-appellees.*

*Roberts & Stevens, P.A., by Mark C. Kurdys, for defendant appellant-appellee.*

McCULLOUGH, Judge.

The dispositive issue on appeal is whether a judgment entered pursuant to N.C. Gen. Stat. § 1A-1, Rule 68(a) (2007), constitutes a "judgment" within the meaning of N.C. Gen. Stat. § 1B-3(e) (2007), such that satisfaction of such judgment discharges all other tort-feasors from liability to the claimant for the same injury. We answer in the affirmative.

The relevant facts and procedural history are as follows: On 3 June 2003, Tommy Akins and his wife, Stacy Akins, (collectively "plaintiffs") initiated an action against Constantino Cona ("Dr. Cona"), Asheville Radiology Associates ("Asheville Radiology"), and defendant Mission St. Joseph's Health System, Inc. ("defendant"), claiming that plaintiffs were injured and damaged by Dr. Cona's negligent interpretation of an x-ray of Tommy Akins' left wrist. Plaintiffs voluntarily dismissed defendant from that action.

Thereafter, Dr. Cona and Asheville Radiology served plaintiffs with an offer of judgment pursuant to Rule 68(a) of the North Carolina Rules of Civil Procedure. N.C. Gen. Stat. § 1A-1, Rule 68(a). On 28 January 2005, plaintiffs filed an acceptance of such offer of judgment with proof of service with the Buncombe County Clerk of Superior Court. Accordingly, on 28 January 2005, pursuant to Rule 68, the clerk of court entered a judgment ("the Rule 68 judgment") in plaintiffs' favor in the amount of $125,000. Dr. Cona and Asheville Radiology satisfied that judgment, and plaintiff filed a certificate of satisfaction of said judgment with the court.

On 18 April 2005, plaintiffs filed a new action against defendant, alleging that plaintiffs had filed an earlier action in which the issues of negligence and causation had been adjudicated with respect to Dr. Cona's actions in interpreting Tommy Akins' x-ray; that the earlier offer and acceptance of judgment in that action estopped defendant from relitigating those issues; that Dr. Cona was acting as defendant's agent at the time of his negligent interpretation of plaintiff Tommy Akins' x-ray; that the negligent acts of Dr. Cona were imputed to defendant; and therefore, "[a]s the direct and proximate result of this

negligence of . . . defendant, plaintiffs have been caused to suffer injury . . . including the [loss of] consortium of Tommy Akins to his wife, Stacy Akins." Defendant denied that Dr. Cona was an agent of the hospital.

The matter was tried before a jury at the 25 June 2007 and 26 June 2007 Civil Sessions of Buncombe County Superior Court. After hearing the evidence, the jury answered the issues as follows:

> 1) Was Dr. Constantiono [sic] Cona the apparent agent of the defendants, Mission St. Joseph's Health System, Inc. at the time [that] the x-rays of the Plaintiff Tommy Akins were read by Dr. Constantino Cona on July 2, 2000?

> Answer: **Yes**

> 2) What amount is the Plaintiff Tommy Akins[] entitled to recover for personal injury?

> Answer: **$1**

> 3) Did the negligence of the Defendant, Dr. Constantino Cona cause Stacie Mae Akins to lose the consortium of her spouse?

> Answer: **No**

> 4) What amount is the Plaintiff Stacie Mae Akins entitled to recover for loss of consortium?

> Answer: **(Not Answered)**

On 28 June 2007, the court entered judgment on the jury's verdict. The court did not order defendant to pay damages to plaintiffs after applying a credit and set-off for the $125,000 already recovered by plaintiffs in satisfaction of the judgment against Dr. Cona and Asheville Radiology in the prior action; however, the court reserved its rulings regarding assessment of costs for a later time.

Thereafter, on 3 July 2007, defendants moved for a judgment notwithstanding the verdict on the grounds that plaintiffs' claim against defendant had been discharged by the entry of the Rule 68 judgment because:

> 8. To the extent that a factual issue existed as to whether the Defendant was a tort feasor for the purpose of applying N.C.G.S. 1B-3(e), the jury's answer to the first issue submitted in this matter requires entry of an order dismissing the plaintiffs['] action, in that the trier of fact has found on the basis of

the evidence and the Court's instructions that Dr. Cona was an apparent agent of the Defendant, which also establishes that the Defendant and Dr. Cona were, *"other tort-feasors"* with regard to *"liability to the claimant for the same injury".* N.C.G.S. § 1B-3(e) (2007).

On 5 July 2005, plaintiffs filed a motion for a new trial on the issue of damages on the grounds that "there was a manifest disregard of the jury instructions of the Court," that "inadequate damages [were] awarded under the influence of prejudice," and there was insufficient evidence to justify an award of nominal damages. After a hearing on the motions, the trial court denied defendant's motion for a judgment notwithstanding the verdict, denied plaintiffs' motion for a new trial, and awarded plaintiffs costs in the amount of $1,439.45.

On appeal, defendant contends that the trial court erred in failing to conclude that the satisfaction of the Rule 68 judgment discharged defendant from liability to plaintiffs. We agree.

N.C. Gen. Stat. § 1B-3 provides, in part, as follows:

(e) The recovery of judgment against one tort-feasor for the injury or wrongful death does not of itself discharge the other tort-feasors from liability to the claimant. **The satisfaction of the judgment discharges the other tort-feasors from liability to the claimant for the same injury or wrongful death, but does not impair any right of contribution.**

N.C. Gen. Stat. § 1B-3(e) (emphasis added).

This statute codifies the common-law rule applicable to joint tort-feasors, under which a claimant may obtain judgments against any and all joint tort-feasors for a single injury or wrongful death, but the claimant may have only one satisfaction. *Ipock v. Gilmore,* 73 N.C. App. 182, 186, 326 S.E.2d 271, 275, *disc. review denied,* 314 N.C. 116, 332 S.E.2d 481 (1985). This rule also applies where a principal is liable for torts committed by an agent under the doctrine of *respondeat superior. See Pinnix v. Griffin,* 221 N.C. 348, 350-51, 20 S.E.2d 366, 369 (1942).

## I. Rule 68 "Judgment"

First, we consider whether a judgment entered pursuant to Rule 68 is a "judgment" as that term is used in N.C. Gen. Stat. § 1B-3(e). Plaintiffs cite *Payseur v. Rudisill,* 15 N.C. App. 57, 189 S.E.2d 562, *cert. denied,* 281 N.C. 758, 191 S.E.2d 356 (1972), for the proposition

that a "judgment" is not always a "judgment" as that term is used under N.C. Gen. Stat. § 1B-3. In *Payseur*, we held that satisfaction of a consent judgment, reflecting court approval of a negotiated settlement of a claim on behalf of an injured minor, a prerequisite to settlement of such claims with any tort-feasor, did not constitute a recovery and satisfaction of a judgment within the meaning of § 1B-3(e). *Payseur*, 15 N.C. at 63, 189 S.E.2d at 566.

Plaintiffs contend that since a Rule 68 judgment does not adjudicate the total injury or damage to a claimant, it is essentially nothing more than a settlement between two sets of parties. As such, plaintiffs contend that a judgment entered pursuant to Rule 68 should operate as a release or covenant not to sue, which does not bar a subsequent action against other joint tort-feasors not explicitly released or protected by the covenant. N.C. Gen. Stat. § 1B-4 (2007).

We disagree for two reasons. First, when language used in a statute is clear and unambiguous, this Court must refrain from judicial construction and accord words undefined in the statute their plain and definite meaning. *Utilities Comm. v. Edmisten, Atty. General*, 291 N.C. 451, 465, 232 S.E.2d 184, 192 (1977). Because the word "judgment" is unambiguous, our Supreme Court has already accorded such term, as it is used in Rule 68, its plain meaning:

> The word "judgment" is undefined in Rule 68. As this word is unambiguous, we shall accord it its plain meaning. **Judgment means "[t]he final decision of the *court* resolving the dispute and determining the rights and obligations of the parties," and "[t]he law's last word in a judicial controversy."** Further, this Court has stated before that " 'the rendering of a judgment is a judicial act, *to be done by the court only*.' "

*Poole v. Miller*, 342 N.C. 349, 352, 464 S.E.2d 409, 411 (1995), *reh'g denied*, 342 N.C. 666, 467 S.E.2d 722 (1996) (bold emphasis added) (citations omitted).

Thus, to treat a judgment entered pursuant to Rule 68 as a release or covenant not to sue, rather than as a final adjudication of the court, would require a construction of the term "judgment" that is inconsistent with its plain meaning and with the definition that has already been adopted by our Supreme Court.

Second, our General Assembly has chosen to recognize only one exception to the long-standing rule of satisfaction codified by N.C. Gen. Stat. § 1B-3(e). Following our decision in *Payseur*, the General

Assembly amended N.C. Gen. Stat. § 1B-3(e) to codify one exception to the general rule of satisfaction:

> [A] consent judgment in a civil action brought on behalf of a minor, or other person under disability, for the sole purpose of obtaining court approval of a settlement between the injured minor or other person under disability and one of two or more tort-feasors, shall not be deemed to be a judgment as that term is used herein, but shall be treated as a release or covenant not to sue as those terms are used in G.S. 1B-4 unless the judgment shall specifically provide otherwise.

We construe this exception narrowly, and it is clear that this exception does not apply to the case *sub judice. See Severance v. Ford Motor Co.*, 98 N.C. App. 330, 333, 390 S.E.2d 704, 707 (1990), *disc. review denied*, 331 N.C. 286, 417 S.E.2d 255 (1992) ("Because plaintiff did not bring the previous wrongful death action of *Severance v. Severance* on behalf of an injured minor or minor plaintiff as required by § 1B-3(e), and the consent judgment did not specify that it was anything other than a judgment, § 1B-4 does not apply to the case before us.").

While we agree with plaintiffs that treating a judgment entered pursuant to Rule 68(a) as a "judgment" as that term is used in N.C. Gen. Stat. § 1B-3(e) may, to some extent, frustrate the legislative intent of Rule 68 by discouraging a claimant from accepting offers of judgment in cases involving joint tort-feasors; we decline to judicially craft a new exception to N.C. Gen. Stat. § 1B-3(e), as we believe that this is a policy matter best addressed by the legislature. Therefore, we conclude that under the current language of Rule 68 and N.C. Gen. Stat. § 1B-3(e), entry and satisfaction of a judgment pursuant to Rule 68(a) discharges all other tort-feasors from liability to the claimant for the same injury pursuant to N.C. Gen. Stat. § 1B-3(e).

II. Application of N.C. Gen. Stat. § 1B-3(e)

Here, plaintiffs accepted an offer of judgment, and a judgment was entered in their favor in a prior action against Dr. Cona and Asheville Radiology for the same wrist injury at issue in this action. That judgment was fully satisfied. Upon the jury's verdict that Dr. Cona was acting as an apparent agent of defendant, Dr. Cona and defendant became joint tort-feasors for purposes of N.C. Gen. Stat. § 1B-3(e), and plaintiffs' claims against defendant were extinguished. *Yates v. New South Pizza, Ltd.*, 330 N.C. 790, 793-94, 412 S.E.2d 666,

669, *reh'g denied*, 331 N.C. 292, 417 S.E.2d 73 (1992). Accordingly, the trial court erred in entering judgment against defendant upon the verdict of the jury and by denying defendant's motion for a judgment notwithstanding the verdict.

Having decided that defendant was discharged from liability by the entry and satisfaction of the judgment against Dr. Cona and Asheville Radiology, we need not address plaintiffs' assignments of error.

For the foregoing reasons, we reverse the judgment entered upon the verdict of the jury and the judgment denying defendant's motion for a judgment notwithstanding the verdict and awarding costs to plaintiffs. We remand for further proceedings consistent with this opinion.

Reversed and remanded.

Judges STEELMAN and ARROWOOD concur.